IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY EARL WASHINGTON, | ) | |
|     Petitioner, | ) | Civil Action No. 7:13cv00503 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER ZYCH, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Timothy Earl Washington, a federal inmate proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Washington claims that the court improperly determined him to be an armed career criminal. Upon review of the petition, I find that Washington has failed to demonstrate that he is entitled to relief under § 2241 and, therefore, I will dismiss his petition.

**I.**

In 2008, Washington pled guilty to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e)(1), and, in 2009, the United States District Court for the District of South Carolina entered judgment and sentenced him to 180 months incarceration. The Court of Appeals for the Fourth Circuit affirmed Washington's conviction and sentence, *United States v. Washington*, 366 F. App'x 463 (4th Cir. 2010), and Washington did not file a petition for writ of certiorari to the Supreme Court of the United States. Washington then filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed in the District Court for the District of South Carolina, which the court denied. *Washington v. United States*, No. 2:08cr416 (D.S.C. Nov. 21, 2012). The Fourth Circuit dismissed his appeal, *United States v. Washington*, No. 13-6062 (4th Cir. Mar. 26, 2013), and Washington did not file a petition for writ of certiorari to the Supreme Court. In his instant

§ 2241 petition, Washington argues that, in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013),[1] the trial court improperly determined that he was an armed career criminal by using the modified categorical approach.

## II.

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence, unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). A motion pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. *Id.*

"Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also In re Jones*, 226 F.3d at 333-34; *White v. Rivera*, No. 3:08-3681, 2009 U.S. Dist. LEXIS 44397, 2009 WL 1456712, at *4 (D.S.C. May 21, 2009) ("[T]he Fourth Circuit has also noted that the savings clause does not give inmates who are only challenging their sentences, not their convictions, recourse under § 2241."). Instead, the relevant case law has

---

[1] In *Descamps*, the Supreme Court clarified whether courts may apply the modified categorical approach to assess, for Armed Career Criminal Act sentencing enhancement purposes, the violent nature of a defendant's prior conviction under an indivisible criminal statute. Answering that question in the negative, the Court explained that the modified categorical approach "serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Descamps*, 133 S. Ct. at 2283.

"confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Washington's petition does not indicate any respect in which his case meets the standard under *In re Jones* so as to qualify for consideration under § 2241. Specifically, he fails to satisfy the second element of the test which requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d at 334. Clearly there has been no change in the law making it now legal to possess a firearm after being convicted of a felony. Accordingly, I find that Washington fails to meet the *In re Jones* standard to show that § 2255 is inadequate and ineffective to test the legality of his conviction and, thus, his claims cannot be addressed under § 2241.[2]

### III.

For the reasons stated herein, I will dismiss Washington's petition.

**ENTER**: This 30th day of October, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] I decline to construe Washington's motion as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. *See* § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977). Second, Washington has already filed a § 2255 motion in the District Court for the District of South Carolina. In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. *See* § 2255(h). Because Washington has not demonstrated that the United States Court of Appeals for the Fourth Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, I find that transfer of a clearly successive § 2255 motion to the sentencing court would not be in the interests of justice or judicial economy. Therefore, I decline to construe and transfer Washington's petition.